In re PRIMROSE BEDSPREAD CORPO-
RATION a Corporation of the State of
New York and Clifton Comforter Cor-
poration a Corporation of New Jersey,
Debtors.

Bankruptcy Nos. 83–02584
and 83–02583.

United States Bankruptcy Court,
D. New Jersey.

Nov. 10, 1986.

Clapp & Eisenberg, for the debtor; by
William S. Katchen, Roger L. Camacho, on
the brief.

W. Cary Edwards, Atty. Gen., for the
State of New Jersey, Division of Law, La-
bor and Commerce; by James P. Lidon,
Deputy Atty. Gen.

WILLIAM H. GINDIN, Bankruptcy
Judge.

The within matter is a consolidated case
filed pursuant to Chapter 11 of the Bank-
ruptcy Code. The debtors operated in the
State of New Jersey for many years prior
to filing for relief in April, 1983.

In September, 1984, the debtors brought
a motion pursuant to § 505 of the Bank-
ruptcy Code (11 U.S.C. § 505) for a deter-
mination of liability for unemployment in-
surance taxes. On October 3, 1984, the
Court entered an order determining that
the debtors should be treated as "new enti-
ties" and they should be given an experi-
ence rating by the State Department of
Labor based upon a new entity theory. On
April 29, 1986, plans of reorganization were
confirmed and the debtors proceeded with
the implementation of the plans.

The Department of Labor sought to set
aside the earlier order and on July 15, 1986,
the Court held a hearing by telephone on
the Department's motion. This opinion
constitutes a determination of the status of
the debtors with respect to the payment of
unemployment compensation taxes.

It is the position of the debtors that they constitute new entities for the purpose of calculating unemployment tax contributions and they should be dealt with as having no "experience" rating. The Department of Labor, relying on N.J.S.A. 43:21–7(c)(7)(A), urges that the debtors are predecessor employers and that their past experience must be considered as indicative of future losses. In the instant case the application of past experience will result in a higher tax.

At the outset, it is important to recognize that this Court is responsible for making a determination with respect to tax liability. 11 U.S.C. § 505(a)(1) provides:

> Except as provided in paragraph (2) of this subsection, the Court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

In approaching this responsibility the Court must give full consideration to the determination of state taxing authorities. *Arkansas Comm'n. v. Thompson*, 313 U.S. 132, 145, 61 S.Ct. 888, 892–93, 85 L.Ed.2d 1244 (1941).

█ The debtors urge that such a determination based upon prior experience constitutes discrimination against a debtor in violation of § 525 of the Bankruptcy Code (11 U.S.C. § 525). That section prohibits a governmental unit from discriminating against an entity "solely because such bankrupt or debtor is or has been a debtor under this title ..." The key word is "solely". No claim is made by the state that the action taken bears any relationship whatsoever to the status of the debtor as one involved in Bankruptcy proceedings. The state claims that the reorganized debtors are successors to the pre-petition debtors for the purpose of making appropriate tax estimates.

The debtors rely on *In re Active Steel Erectors, Inc.*, 53 B.R. 851 (Bkrtcy.D.Alaska 1985) and *In re Draggoo Elec. Co. Inc.*, 57 B.R. 916 (Bkrtcy.N.D.Ind.1986). Neither of these cases is apposite. In *Active Steel* the state sought to raise unemployment taxes to the highest rate permitted by state law because the debtor failed to pay pre-petition taxes. The Court there grounded its opinion specifically in the provisions of the priority section of the code (11 U.S.C. § 507) and determined that tax creditors were to be dealt with in accordance with the confirmation sections (11 U.S.C. § 1129(a)). The difficulty suggested is clearly that a treatment of the debtor based upon its failure to pay pre-petition taxes adjusted by virtue of the Bankruptcy Code would in fact be a violation of the antidiscrimination provisions of § 525.

Likewise, in *Draggoo*, the state attempted to impose a penalty rate in the payment of taxes which could only be avoided by the payment of pre-petition taxes. This would also constitute a preferential treatment in violation of § 1129. In each of these two cases it is clear that, but for the provisions of Confirmation and whatever discharge it affords, the debtors would have paid a lower rate. It was the intervention of the Bankruptcy process which precipitated the increase.

The instant case does not present the same problem. The state urges that it is looking for an "experience" upon which to base its assessment. The experience of the debtors has nothing to do with the Bankruptcy and the loss expectation of a corporation's unemployment rate is totally unaffected by the proceedings in this Court. The State simply used a prior measure, *i.e.*, if the same people operated the same business with the same employees it could expect to have the same number of unemployment claims. While such a statement may appear simplistic, it is clear from the methodology set forth in the statute that the Department of Labor used the experience in a kind of statistical analysis rather than

an arbitrary penalty. In fact, it is instructive to examine the entire contents of *N.J.S.A.* 43:21–7 (encompassing some 10 pages of the pocket parts of the statute) and recognize that the statute seeks to find a calculational basis for contributions based upon benefit experience. *N.J.S.A.* 43:21–7(c)(7)(A) directs the manner in which many different kinds of past experience should be factored in to determine future rates. It cannot be said that the use of the experience of a prior entity which is in fact a predecessor is discrimination or calculation based *solely* on the debtors' position in this Court.

The debtors also urge the Court to consider the philosophy espoused in the important case of *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In that case, the Court enunciated the primacy of a discharge and the right of a debtor to a "fresh start" as against a state statute which specifically provided that a discharge in Bankruptcy would not relieve the debtor from the operation of the statute. Clearly, the provisions of 11 U.S.C. § 1141(d)(1) encourage and mandate a fresh start for corporate debtors similar to the discharge granted an individual under § 727 of the Code (11 U.S.C. § 727).

The debtors also claim that the action of the Department of Labor amounts to a reaffirmation of a pre-petition debt. The debtor claims that since the pre-petition debt has been discharged, it cannot be used to determine the level of claims experienced. The debtors claim that the aggregate of claims experienced constitutes a debt which arose before the petition was filed. It is difficult to understand the debtors' position in this regard. They have not agreed to pay anything and in fact have no liability on pre-petition debt. The whole scheme of *N.J.S.A.* 43:21–7 is to use prior experience in order to establish future contributions. When the post-petition experience has been established, that experience will determine future obligations for contribution by the debtors. A reaffirmation is by definition an agreement to pay a pre-petition debt which is discharged. 11 U.S.C. § 524(c). The debtors claim that this pre-petition debt fails conceptually, since the debt itself arises only by virtue of post-petition employment of workers. The debtors' level of contributions is simply based upon the estimate of the experience to be expected during the post-petition period.

When the Courts have been called upon to make the determination concerning matters of this kind, they have consistently ruled that if there is no showing of discrimination, and other factors are involved, pre-petition information may be used. Where the factors involved are not related to the Bankruptcy proceeding itself, Courts have permitted appropriate application of state law for the purpose of enforcement of its police or regulatory power. In *Matter of Alessi,* 12 B.R. 96, 4 C.B.C.2d 1003 (Bkrtcy. N.D.Ill.1981), Judge Merrick found that a hearing on the revocation of a racing license at which specific findings, not necessarily relating to the Bankruptcy proceedings themselves, would in fact override the automatic stay provided for in 11 U.S.C. § 362. A specific claim of discrimination under § 525 was rejected.

Even more persuasive is *In re A.C. Williams Co.,* 51 B.R. 496 (Bkrtcy.N.D.Oh. 1985). There the Court specifically permitted use of pre-petition workers' compensation claims experience in calculating subsequent premium where the debtor "acknowledged that the business of the pre-petition and post-petition debtors continued uninterrupted". 51 B.R. 498. The § 525 and *Perez v. Campbell* arguments codifying the "fresh start" concept were specifically rejected. A distinction was made in that case when a second issue was raised by the taxing authority as a result of its failure to file a pre-petition premium claim in a timely manner. There, with no justification other than the bankruptcy litigation itself, the Court held the bureau bound by its own actions.

In matter of *Pine Knob Inv.*, 20 B.R. 714 (Bkrtcy.E.D.Mich.1982) the Court was faced with a factual pattern almost identical to the one in the instant case. Judge Woods there summarized the problem and determined it as follows:

> Where a successor employer acquires the assets of a business and continues its operations, the rating account of that business will transfer to that successor employer. While such a result may be onerous to the debtors, it is only so as a result of the operation of a statutory formula applied without regard to their status under Title 11. While it is clearly the intent of Congress that tax laws should not hinder the Bankruptcy process, their continued operation and applicability after filing a case under Chapter 11 is contemplated by the code and cannot be said to impose an unfair or inequitable burden upon the debtor.

20 B.R. 716–717. Debtors' attempt to distinguish *Pine Knob* by reliance upon *Active Steel* results in the opposite conclusion of the one which the debtor seeks to draw. The sole difference between the cases is that the *Active Steel* claim was conditioned upon the *payment* of a pre-petition claim. In the instant case the pre-petition claim is in fact dealt with by the plan, and is only relied upon for the purpose of statistical analysis.

The order of October 3, 1984 declaring that the debtors shall be treated as new entities for the purpose of estimating future contributions for unemployment insurance taxes is hereby reversed. The State Department of Labor may follow the formula for such determination consistent with a determination that the debtors are predecessor corporations to the present existing entities.

The Deputy Attorney General shall submit an order consistent with this opinion.