EBMER v WAYNE VILLAGE

Docket No. 140052. Submitted October 7, 1992, at Detroit. Decided December 7, 1992, at 10:25 A.M. Leave to appeal sought.

Maria Ebmer was awarded workers' compensation benefits from Wayne Village, a nursing home, based on an average weekly wage that included certain contractually provided fringe benefits. She appealed the hearing referee's decision, arguing that the wage calculation should also include the employer's social security and unemployment compensation contributions and its workers' compensation insurance premiums. Wayne Village and its insurer, Argonaut Insurance Company, also appealed, contesting the finding of continuing disability. The Workers' Compensation Appeal Board affirmed. The plaintiff appealed by leave granted. The defendants' application for leave to appeal was denied, Docket No. 140086, and the Supreme Court denied leave to appeal, 439 Mich 1015 (1992).

The Court of Appeals held:

1. An employee's average weekly wage includes all items of compensation or advantage agreed upon in a contract of hiring that are measurable in money, whether in the form of cash or as an economic gain to the employee.

2. The employer's social security and unemployment compensation contributions and its workers' compensation premium payments are not items of compensation or fringe or other benefits as the term is used in § 371(2) of the Workers' Disability Compensation Act, MCL 418.371(2); MSA 17.237(371)(2). Unemployment compensation and social security contributions are taxes, not contractual items of compensation. Workers' compensation premium payments are not the kind of contractual benefit contemplated in § 371.

3. An employer's social security and unemployment compensation contributions and its payments to secure workers' compensation benefits are not to be included in computing an injured worker's average weekly wage under § 371(2).

Affirmed.

REFERENCES

82 Am Jur 2d, Workers' Compensation § 418.

See the ALR Index under Workers' Compensation.

1. Workers' Compensation — Average Weekly Wage — Fringe
   Benefits.

   All items of compensation or advantage agreed upon in a contract
   of hiring that are measurable in money, whether in the form of
   cash or as an economic gain to an injured employee including
   any fringe or other benefits that do not continue during the
   disability, are to be included in the computation of an employ-
   ee's average weekly wage for purposes of determining workers'
   compensation benefits (MCL 418.371[2]; MSA 17.237[371][2]).

2. Workers' Compensation — Average Weekly Wage — Social
   Security Contributions — Unemployment Compensation
   Contributions — Workers' Compensation Premiums.

   An employer's social security and unemployment compensation
   contributions and payments to secure workers' compensation
   benefits for its employees are not properly included in comput-
   ing an injured worker's average weekly wage; such items are
   not fringe or other benefits under the workers' compensation
   act (MCL 418.371[2]; MSA 17.237[371][2]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ann Curry Thompson*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Gregory P. Sweda*), for the defendants.

Before: Sullivan, P.J., and Jansen and R. R. Lamb,* JJ.

Sullivan, P.J. Plaintiff appeals by leave granted from an order of the Workers' Compensation Appeal Board affirming a decision of a hearing referee granting plaintiff benefits but excluding from a calculation of average weekly wage certain legally mandated employer contributions.[1] We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendants also appealed the referee's decision, contesting the finding of continuing disability. The wcab affirmed, and this Court denied defendants' application for leave to appeal. Docket No. 140086. Our Supreme Court has also denied leave to appeal. 439 Mich 1015 (1992).

Plaintiff was employed as an aide at defendant Wayne Village, a nursing home. In February 1983, plaintiff injured her right foot and ankle in the course of her employment. Following a hearing in February and March 1985, the hearing referee awarded plaintiff an open award of benefits, based on an average weekly wage that included certain contractually provided fringe benefits. Plaintiff argued that the wage calculation should also include the employer's social security and unemployment compensation contributions and its workers' compensation insurance premiums. Plaintiff argued that these were "other" benefits that did not continue during an employee's disability and should, therefore, be included in the computation of the average weekly wage under § 371 of the Workers' Disability Compensation Act, MCL 418.371(2); MSA 17.237(371)(2).

The hearing referee ruled that the legally mandated payments were not "fringe or other benefits" within the meaning of § 371. The WCAB, in a split decision, affirmed, ruling that the items claimed by plaintiff were mandated by federal and state law and were not part of the contract for hire. We agree with the WCAB.

As defined in the statute, "average weekly wage" includes "[a]ny fringe or other benefit which does not continue during the disability." MCL 418.371(2); MSA 17.237(371)(2). This language was added by a 1981 amendment, 1981 PA 192, effective January 1, 1982. In a case decided under a previous version of the WDCA, this Court held that the term "wage" includes all items of compensation or advantage agreed upon in a contract of hiring that are measurable in money, whether in the form of cash or as an economic gain to the employee. *Hite v Evart Products Co,* 34 Mich App 247, 253; 191 NW2d 136 (1971). We agree with this

definition and hold that it applies to the current version of the statute as well.

Plaintiff contends that the employer's social security and unemployment compensation contributions and its workers' compensation premium payments meet the *Hite* definition. She argues that they are incorporated by law into every contract of hire, are measurable in money, and are of economic benefit to the employee. We disagree with plaintiff and hold that these payments, made by employers with respect to their employees, are not "items of compensation" as the term is used in *Hite,* and are not "fringe or other benefits" as the term is used in § 371(2).

Contributions that an employer must make under the Employment Security Act, MCL 421.13; MSA 17.513, are taxes. *Employment Security Comm v Patt,* 4 Mich App 228, 234; 144 NW2d 663 (1966). The obligation to contribute is not contractual. *In re Pine Knob Investment,* 20 Bankr 714, 716 (ED Mich, 1982). The obligation is enforced by the Employment Security Commission, not by the individual employee. MCL 421.15; MSA 17.515. Similarly, the employer's contribution to the Social Security Fund is an excise tax on the employment relationship, computed as a percentage of the wages of persons in the employ of that employer. 26 USC 3111. Thus, unemployment compensation and social security contributions are taxes, not contractual items of compensation.

In a different context, our Supreme Court cited with approval a Minnesota case holding that workers' compensation is "a liability arising out of the contract of employment, and the compensation act becomes a part of every contract of employment." *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510, 518; 100 NW2d 226 (1960), quoting *Bourdeaux v Gilbert Motor Co,* 220 Minn

538, 541; 20 NW2d 393 (1945). Workers' compensation is not, however, the kind of agreed-upon benefit contemplated in § 371 of the WDCA. It does not logically belong in the same category as the vacation, group insurance, or pension benefits considered by this Court in *Hite.* The cessation of those benefits when an employee becomes disabled represents a loss to the employee that the employee has to either replace independently or not receive at all. A worker who becomes entitled to workers' compensation benefits is reaping a benefit for which the employer had been paying premiums. If the person is not working, then there is no occasion to provide protection against work-related injuries. The need does not continue when the person is no longer working. It is not the mandatory aspect of workers' compensation that removes it from the category of benefits to be included in computing the average weekly wage; it is the relationship between the premium paid and the benefit enjoyed by the employee.

In sum, we hold that the employer's social security and unemployment compensation contributions and the employer's payments to secure workers' compensation benefits are not to be included in computing an injured worker's average weekly wage under § 371(2) of the WDCA.

Affirmed.