**In re David W. LaROCHE and Renee J. LaRoche, Debtors.**

**Bankruptcy No. 1–89–01775–S.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 8, 1990.

Richard Grimes, Norwalk, Ohio, for debtors.

Michael Lorber, Twinsburg, Ohio, for Chemical Mortg. Co.

Anthony B. Disalle, Toledo, Ohio, trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Continued Hearing on Motion of Chemical Mortgage Company for an Order Vacating Court Order of September 28, 1989, and Objections thereto by Debtor. At the Hearing, the Court allowed the parties the opportunity to file written arguments with the Court relative to the issue of the propriety of allowing Chemical Mortgage Company attorneys' fees and expenses as a se-- cured claim in the Debtors' Chapter 13 proceeding. The Court has reviewed the Memoranda which were filed by the parties, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that Chemical Mortgage Company's claim for attorneys' fees and expenses should be disallowed. .

## FACTS

The facts in this case do not appear to be in dispute. The Chemical Mortgage Company is a secured creditor by virtue of a promissory note and mortgage held on the Debtors' residence. The "mortgage deed" was signed by the Debtors in April of 1983. A foreclosure action was filed against the Debtors' residence in Huron County, Ohio, on January 19, 1989, and a judgment was granted on April 18, 1989.

On June 22, 1989, David and Renee LaRoche filed a Chapter 13 Petition. Chemical Mortgage Company subsequently filed a proof of claim which set forth the arrearages and indebtedness due on the mortgage. There is no dispute that the Creditor here is oversecured. Chemical Mortgage's claim included a portion which indicated that it was attributable to attorneys' fees. The Debtors filed an Objection to the One Thousand Three Hundred Dollars ($1,300.00) which had been listed as attorneys' fees.

On September 26, 1989, a Hearing was held on the Debtors' Objection and Chemical Mortgage failed to appear. Accordingly, an Order sustaining the Objection and disallowing the claim was signed by the Court on September 28, 1989. Chemical Mortgage filed a Motion for Relief from Order Granting Objection to Claim on October 23, 1989. The Debtors filed a Motion Objecting to Motion to Vacate. After a Motion for Continuance by the Debtors was granted, the Court held a Hearing on the various Motions.

Chemical Mortgage bases its Claim on the mortgage deed, Exhibit B, at 3, which contains the following paragraph:

If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended to conform thereto.

The Creditor contends that pursuant to 38 C.F.R. 36.4313, which permits certain fees in connection with V.A. guaranteed loans, attorneys' fees and other expenses should be allowed. The Debtors assert that the reference to "Title 38" is not sufficient to support a claim for fees and costs. They cite case law which requires that a mortgage must expressly provide for fees if they are to be allowed under § 506(b). Further, the Debtors argue that while the C.F.R. regulation cited by the Creditor permits the recovery of attorneys' fees and court costs against the Veterans' Administration, it does not provide for such rights against the Mortgagors.

### LAW

The allowance of oversecured creditors' attorneys' fees and costs is governed by § 506(b), which states:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

There are two questions for the Court to resolve in this matter. First, is the reference to the provisions of Title 38 in the mortgage deed sufficient to permit the allowance of attorneys' fees and court costs in this case? Secondly, does the language of 38 C.F.R. § 36.4313 pertain to the LaRoches, or was the regulation only intended to govern the relationship between the lender and the Veterans' Administration as guarantor?

A number of cases address the effect of state law on the rights of an oversecured creditor to collect attorneys' fees under § 506(b). The overwhelming majority of cases hold that despite any state law making unenforceable a contractual provision requiring a mortgagor to pay attorneys' fees, the allowance of such fees is permitted in bankruptcy cases under § 506(b). *See, e.g., In re Hudson Shipbuilders,* 794 F.2d 1051, 1056–1058 (5th Cir.1986); *In re 268 Limited,* 789 F.2d 674, 675–677 (9th Cir.1986); *Unsecured Creditors' Committee v. Walter Heller & Co.,* 768 F.2d 580, 585 (4th Cir.1985); *In re Continental Airlines Corp.,* 110 B.R. 276, 279 (Bankr.S.D. Tex.1989); *In re Smith,* 109 B.R. 421, 422–423 (Bankr.D.Mont.1988); *In re Korangy,* 106 B.R. 82, 85 (Bankr.D.Md.1989); *In re Gillette Associates, Ltd.,* 101 B.R. 866, 878 (Bankr.N.D.Ohio 1989); *In re Bristol,* 92 B.R. 276, 278 (Bankr.S.D.Ohio 1988); *Longwell v. Banco Mortgage Co.,* 38 B.R. 709, 711 (N.D.Ohio 1984).

■ Recently, the Supreme Court ruled that the language "provided for under the agreement" does not apply to the first item listed in § 506(b), dealing with the allowance of postpetition interest on nonconsensual oversecured claims. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, ——, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290, 298 (1989). However, if an oversecured creditor's attorneys' fees and costs are to be allowed under § 506(b), they must be provided for in the security agreement. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. at ——, 109 S.Ct. at 1030, 103 L.Ed.2d at 298; *In re D.W.G.K. Restaurants, Inc.,* 84 B.R. 684, 686–687 (Bankr.S.D.Cal.1988); *In re Haber Oil Co., Inc.,* 82 B.R. 435, 438 (Bankr.N.D.Tex.1988); *In re Johnson–Allen,* 67 B.R. 968, 975–976 (Bankr.E.D.Pa. 1986); *In re Cervantes,* 67 B.R. 816, 820–821 (Bankr.E.D.Pa.1986); *In re Charter Co.,* 63 B.R. 568, 571 (Bankr.M.D.Fla.1986); *Matter of Lane Poultry of Carolina, Inc.,* 63 B.R. 745, 750 (Bankr.M.D.N.C.1986).

■ In two Ohio bankruptcy decisions which have considered the requirements imposed by § 506(b), the courts have emphasized that the allowance of attorneys' fees, and by implication costs, must be *"expressly"* provided for in the agreement. *Matter of Schwartz,* 77 B.R. 177, 181 (Bankr.S.D.Ohio 1987), *aff'd,* 87 B.R. 41, 42 (S.D.Ohio 1988); *Longwell v. Banco Mortgage Co.,* 38 B.R. 709, 711 (N.D.Ohio 1984). This position would appear to be in accord with the discussion of the policy reasons underlying § 506(b) found in *In re D.W. G.K. Restaurants, Inc.,* 84 B.R. 684, 686–

687 (Bankr.S.D.Cal.1988). As Judge Hargrove noted in *D.W.G.K.:*

> When two parties contract, they are free to deal with one another as they please. Therefore, when a security interest is granted, the party granting the security interest is fully cognizant of both the value of the underlying obligation and the value of the security interest which is placed "at risk" in the event that party fails to pay. On the other side of this transaction, the party receiving the security interest is free to demand security of sufficient value to cover any anticipated exposure caused by the other party's failure to perform on the underlying obligation. Section 506(b) merely respects the parties' contractual rights by allowing the secured party the full extent of his bargained for security.

*In re D.W.G.K. Restaurants, Inc.*, 84 B.R. at 686. *See also, In re Charter Co.*, 63 B.R. at 571 (attorneys' fees only recoverable by creditors who have "bargained and provided for such fees in the underlying agreement").

Here, no record of a reference more specific than "Title 38" has been introduced by the creditor. The agreement's incorporation of the provisions of Title 38 of the United States Code does not strike the Court as "expressly providing" for such fees as required by *Longwell* and *Schwartz*. These decisions appear to contemplate the presence of "express" provisions which are intended to adequately inform the person or persons signing the agreement that they will be responsible for the Creditor's attorneys' fees. The mortgage deed relied upon by the Creditor is bereft of any clear statement designed to inform the Debtors of their additional obligations.

Title 38 is not short, or clear. The statute was, in all likelihood, not readily available to the mortgagors, nor would they find it to be easily understood. Moreover, the idea of borrowers making the leap from Title 38 to the proper sections of the Code of Federal Regulations detailing the provisions relied upon by the creditor is even more improbable. Yet, without the Debt-

ors knowing the terms to be incorporated, it is difficult to see how the provision could have been "bargained for" under the *D.W. G.K. Restaurants* decision.

Accordingly, the Court finding that the relevant provisions of the agreement were neither "express" nor "bargained for", the claim for attorneys' fees and costs should be disallowed.

■ The second argument raised by the Debtors in support of their Objection to the Creditor's Claim focuses on the applicability of 38 C.F.R. § 36.4313. The Debtors assert that this section of the regulations sets the amount to be paid to a mortgagee by the Veterans' Administration for certain expenses under its mortage guaranty. It is the Debtors' position that the regulations cited by the Creditor do not apply to them and their contractual obligations to the Chemical Mortgage Company.

Pursuant to Title 38, the Administrator of Veterans' Affairs has the authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration, and which are consistent therewith. *See*, 38 U.S.C. § 210(c)(1). In making these rules and regulations, the Administrator is required to cite to the particular statutory authority upon which the administrative provisions are based. *Id.* 38 C.F.R. § 36.4300 is promulgated under 38 U.S.C. § 210(c), and this section remains the same as in 1983 when it stated:.

**§ 36.4300 Applicability of §§ 36.4300 to 36.4393, inclusive.**

(a) Sections 36.4300 to 36.4393, inclusive, shall be applicable to each loan entitled to an automatic guaranty, or otherwise guaranteed or insured, on or after the date of publication thereof in the Federal Register, and shall be applicable to such loans previously guaranteed or insured to the extent that no legal rights vested thereunder are impaired.

The definitional section for this group of regulations is found in § 36.4301. The regulations' definition of "Holder" is:

"Holder" means the lender or any subsequent assignee or transferee of the guaranteed or insured obligation.

*See,* 38 C.F.R. § 36.4301 (1983)

The Chemical Mortgage Company relies on § 36.4313(b) as authority for their Claim:

**§ 36.4313 Advances and other charges.** (b) In addition to advances allowable under paragraph (a) of this section, *the holder may charge* against the proceeds of the sale of the security; against the gross amounts collected; *in any accounting to the Administrator after payment of a claim under the guaranty, if the computation of a claim under the guaranty, if lawfully authorized by the loan agreement* and subject to § 36.4321(a), or, in the computation of an insurance loss, any of the following items actually paid:

\*       \*       \*       \*       \*       \*

(2) Court costs in a foreclosure or other proper judicial proceeding involving the security.

\*       \*       \*       \*       \*       \*

(5) Reasonable amount for legal services actually performed not to exceed 10 percent of the unpaid indebtedness as of the date of the first uncured default, or $350.00 whichever is less, ...

(1983) (emphasis added).

The statute cited as authority for § 36.4313(b) is 38 U.S.C. § 1820(a)(3), which stated:

**§ 1820. Powers of the Administrator.** (a) Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may—

(3) pay, or compromise, any claim on, or arising because of, any such guaranty or insurance; ...

Based upon the language of 38 C.F.R. § 36.4313(b) and 38 U.S.C. § 1820, it appears that the Debtors are correct in their assertion that the statute and corresponding regulation concern only the relationship between the Chemical Mortgage Company and the Veterans' Administration as guarantor. It does not apply to the Debtors,

and does not give rise to any obligation on their part to pay Chemical Mortgage's costs and attorneys' fees incurred in prosecuting the foreclosure action. Moreover, the regulation only calls for payment under the V.A. guaranty "if lawfully authorized by the loan agreement". *See,* 38 C.F.R. § 36.4313(b). There was no such authorization, other than the incorporation of Title 38. Clearly, "authorization" cannot be bootstrapped through such a circular self-reference.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtors' Motion Objecting to Motion to Vacate be, and is hereby Granted.

It is FURTHER ORDERED that the Claim of Chemical Mortgage Company for attorneys' fees and costs be, and is hereby, Disallowed.