**In re Cheryl D. TRICCA, Debtor.**

**Bankruptcy No. 94–43123–HJB.**

United States Bankruptcy Court, D. Massachusetts.

June 7, 1996.

---

Daniel S. Bleck, Boston, MA, for Trustee.

Judith A. Clark, Melrose, MA, for Melrose Co-operative Bank.

## MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court for determination is an "Application by Secured Creditor Melrose Co-operative Bank for Legal Fees and Costs" (the "Application"). Pursuant to the Application, Melrose Co-operative Bank (the "Bank"), an oversecured creditor, requests the allowance of legal fees and expenses in the amount of $3,859.16, pursuant to 11 U.S.C. § 506(b) and Mass.Gen.Laws ch. 244, § 19. The request represents the prorated portion of legal fees and expenses incurred pre-petition in connection with foreclosure proceedings on its mortgages on two properties owned by the Debtor. The Chapter 7

Trustee (the "Trustee") objects to allowance of the fees and expenses on the grounds that neither the underlying notes nor the mortgages explicitly provide for payment of legal fees and costs.

## I. *Facts*

The material facts are not in dispute. On July 11, 1994, Cheryl D. Tricca (the "Debtor") filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. At the time of the filing, the Debtor owned six properties on which the Bank held mortgages securing notes then in default. On March 24, 1994, the Bank filed Complaints in the Land Court seeking to foreclose each of the mortgages. On May 24, 1994, the Land Court entered an Order and Judgment authorizing entry and sale of the properties. Foreclosure sales were scheduled for July 12, 1994, but were stayed by commencement of the Chapter 11 case, pursuant to 11 U.S.C. § 362(a).

On June 6, 1995 this Court entered an order converting the case to Chapter 7. Susan K. Walton was appointed as Chapter 7 Trustee and began soliciting offers for the various properties. The Trustee was successful in selling two of the six properties; one located at 71–73 Coolidge Street; and the other located at 75–77 Coolidge Street, Lawrence, Massachusetts. Both sales resulted in a surplus of funds over the Bank's respective mortgages.[1]

On September 1, 1995, the Trustee filed a "Motion to Set Deadline for Claims Against Proceeds of Sale of Real Estate." The Court granted the Motion and established a bar date of September 30, 1995. On September 29, 1995, the Bank filed an "Application by Secured Creditor Melrose Co–operative Bank Against Proceeds of Sale of Real Estate" seeking payment of the outstanding principal and interest owed by the Debtor, exclusive of legal fees and costs. That Application was allowed on October 17, 1995. The Bank also filed, on September 29, 1995, the instant Application seeking to recover its legal fees and costs.

In its Application, the Bank states that it incurred pre-petition legal fees in the amount of $3,600; expenses of $5,877.48; and an additional $1,500 for the services of an auctioneer. These charges stem from the attempted foreclosure of the mortgages on the six properties. The Application seeks the aggregate sum of $3,859.16 for the legal fees and expenses associated with the attempted foreclosure of the two properties sold by the Trustee. This figure represents a pro rata share of the total legal fees and expenses associated with the six foreclosure proceedings plus $150 for an appraisal of 71–73 Coolidge Street and $50 for an appraisal of 75–77 Coolidge Street. The Trustee objected to the Application. She argues that because the claim for legal fees and expenses did not arise pursuant to an express provision in the notes and mortgages, there was no "agreement" for the payment of such costs as required by § 506(b). Upon conclusion of the hearing on the Application, the Court took the matter under advisement.

## II. *Positions of the Parties*

The Bank conceded, both in its Application and at oral argument, that the notes and mortgages do not explicitly contain a provision requiring the Debtor to pay the Bank's collection costs. However, the Bank maintains that its claim arises by operation of state law. The Bank argues that, under Massachusetts law, when the Trustee satisfies the Bank's secured claim, the Trustee is exercising the Debtor's right of redemption. Pursuant to Mass.Gen.Laws ch. 244, § 19, payment of the Bank's costs of any action to recover the land is a condition of redemption. Alternatively, the Bank argues that the foregoing requirement contained in ch. 244, § 19 is incorporated by reference in the mortgages through the use of the term "statutory power of sale" and thus satisfies the required "agreement" by the Debtor to pay collection costs, pursuant to § 506(b).

The Trustee does not quarrel with the proposition that, in paying the Bank's secured claim, it is exercising the Debtor's

---

**1.** The Trustee reports that her administration of the estate will result in all claims being paid in full. Therefore, allowance of the Bank's disput-
ed claim will result in no difference in the payment of other claims, but will reduce the surplus expected to be returned to the Debtor.

right of redemption. *See* 11 U.S.C. § 541(a)(1).[2] However, the Trustee maintains that § 506(b) permits allowance only of those claims for legal fees and costs which arise explicitly under an agreement. Since there is no such express agreement in the notes and mortgages, the Trustee urges that the Bank's claim for reimbursement of such legal fees and costs be disallowed.

### III. Discussion

11 U.S.C. § 506(b) provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges **provided for under the agreement under which such claim arose.** (emphasis supplied)

The Bank argues that § 506(b) does not tell the whole story. It urges the Court to consider the unique statutory and common law status of mortgages in the Commonwealth of Massachusetts.

Massachusetts is a title theory state with respect to mortgages. This means that the mortgagee holds legal title to the real property and the mortgagor retains only the equity of redemption accompanied by a right to possession. *Bank v. Int'l Business Machines Corp.*, 915 F.Supp. 491, 496 (D.Mass.1996); *Carpenter v. Suffolk Franklin Sav. Bank*, 362 Mass. 770, 776, 291 N.E.2d 609, 613 (1973); *Milton Sav. Bank v. United States*, 345 Mass. 302, 305, 187 N.E.2d 379, 381 (1963); *Maglione v. BancBoston Mortgage Corp.*, 29 Mass.App.Ct. 88, 90, 557 N.E.2d 756, 757 (1990). In order to redeem the land, the mortgagor, or other person entitled to redeem, must pay to the mortgagee the whole amount due and payable on the mortgage; and if there has been any action to recover the land, must also pay the costs of the action. ch. 244, § 19.[3] A mortgagor in breach of a condition of a mortgage enjoys its right of redemption until the equity of redemption is foreclosed by the mortgagee. Mass.Gen.Laws ch. 244, § 18; *Brown v. Financial Enter. Corp. (In re Hall)*, 188 B.R. 476, 482 (Bankr.D.Mass. 1995); *see Beaton v. Land Court*, 367 Mass. 385, 393, 326 N.E.2d 302, 307, *appeal dismissed*, 423 U.S. 806, 96 S.Ct. 16, 46 L.Ed.2d 27 (1975).

The issues before the Court are (i) whether ch. 244, § 19 can be deemed incorporated into the mortgages by reference; (ii) whether the Bank can maintain an allowable secured claim for its legal fees and costs under ch. 244 § 19, in the absence of an agreement; and (iii) whether a claim not allowable under § 506(b) may be allowed as an unsecured claim.

### A. Incorporation of ch. 244, § 19 by reference

The Bank first argues that the provisions of ch. 244, § 19 are incorporated into the subject mortgages by reference; and therefore, allowance of its legal fees and costs complies with § 506(b). The Bank maintains that the term "statutory power of sale" contained in each of the mortgages incorporates by reference the overall statutory scheme governing foreclosures and redemption contained in Chapter 244 of the Mass.Gen.Laws including the right to legal fees and costs contained in § 19. Consequently, the Bank reasons, the right to legal fees and costs is part of the mortgage agreements.[4]

---

**2.** 11 U.S.C. § 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

**3.** Mass.Gen.Laws ch. 244, § 19 provides:

The person entitled to redeem shall pay or tender to the mortgagee, or person claiming or holding under him, the whole amount then due and payable on the mortgage, and shall perform or tender performance of every other condition contained therein; and if there has been an action to recover the land he shall pay or tender the costs of such action if unpaid.

**4.** The mortgages provide that "[t]he holder hereof shall have the statutory power of sale for any

This argument is without merit. "Statutory power of sale" is a statutorily defined term. Section 21 of Mass.Gen.Laws ch. 183 explicitly defines the term "statutory power of sale" to include only the right of the mortgagee to, upon default, sell the mortgaged premises by public auction, and to convey the property to a purchaser in fee simple.[5] There is no reference to the statutes governing the right of redemption. As a result, the right of redemption is not included as part of the statutory power of sale.

Therefore, the Court holds that the right to legal fees and costs contained in ch. 244, § 19 is not incorporated by reference in the parties' agreements; and as a result, there is no **agreement** between the Debtor and the Bank for the payment of collection costs, as required by § 506(b).

■ Furthermore, even if the right of redemption and the liabilities related thereto were included in the statutory power of sale, most courts have held that § 506(b) requires that a debtor's agreement to pay legal fees and costs be expressly stated. *In re La-Roche*, 115 B.R. 93, 96 (Bankr.N.D.Ohio 1990) (provision in mortgage that "Title 38 of the U.S.C. shall govern the rights duties and liabilities of the parties" was not sufficiently explicit to constitute an agreement to pay attorney's fees and costs); *see Matter of Schwartz*, 77 B.R. 177, 181 (Bankr.S.D.Ohio 1987) (mortgage lacked specificity required under § 506(b)), *aff'd*, 87 B.R. 41 (S.D.Ohio 1988); *In re The Charter Co.*, 63 B.R. 568, 571 (Bankr.M.D.Fla.1986). Therefore, even if the use of the term "statutory power of sale" could be deemed to incorporate the provisions of ch. 244, § 19, its use alone

would be inadequate to inform the Debtor that she was responsible for the Bank's legal fees and costs.

## B. Allowance of a secured claim for legal fees and costs under ch. 244, § 19, in the absence of an agreement

■ The overwhelming majority of cases have held that a secured creditor is not entitled to recover legal fees as part of its secured claim when the claim for fees and costs arises solely by operation of law. *E.g., Bondholder Comm. v. Williamson County, Tenn. (In re Brentwood Outpatient, Ltd.)*, 43 F.3d 256, 262 (6th Cir.1994), *cert. denied*, — U.S. ——, 115 S.Ct. 1824, 131 L.Ed.2d 745 (1995) (claim for post-petition fees and costs which arose by operation of law disallowed); *City of Farmers Branch v. Pointer (Matter of Pointer)*, 952 F.2d 82, 89–90 (5th Cir.), *cert. denied*, 505 U.S. 1222, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992) (post-petition penalties, fees and costs on nonconsensual tax liens not recoverable under § 506(b) in absence of an agreement); *Lincoln Sav. Bank v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n, Inc.)*, 880 F.2d 1540, 1549 (2d Cir.1989) (same), *cert. denied*, 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990); *Galveston Indep. School Dist. v. Heartland Fed. Sav. & Loan Ass'n*, 159 B.R. 198, 203 (S.D.Tex.1993) (same); *In re Vulpetti*, 182 B.R. 923, 926 (Bankr.S.D.Fla.1995) (court limits holding to post-petition attorney's fees and costs); *Building Technologies Corp. v. City of Hannibal (In re Building Technologies Corp.)*, 167 B.R. 853, 859 (Bankr.S.D.Ohio 1994) (post-petition penalties and other charges on real estate tax

---

breach of any of the conditions or provisions of this mortgage or the note secured hereby."

**5.** Mass.Gen.Laws ch. 183, § 21 provides:
   The following power shall be known as the "Statutory Power of Sale", and may be incorporated in any mortgage by reference:
   (POWER.)
   But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that

may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

liens barred); *In re D.W.G.K. Restaurants, Inc.,* 84 B.R. 684, 686 (Bankr.S.D.Cal.1988) (§ 506(b) claims are limited to consensual security interests); *In re Haber Oil Co., Inc.,* 82 B.R. 435, 438 (Bankr.N.D.Tex.1988) (same).

These cases rely primarily on the language in *United States v. Ron Pair Enter., Inc.* that "in the absence of an agreement, postpetition interest is the only added recovery available." 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *see Pointer,* 952 F.2d at 89; *Parr Meadows,* 880 F.2d at 1549; *Heartland,* 159 B.R. at 203; *Building Technologies,* 167 B.R. at 859. Under this analysis, although all creditors, whether consensual or not, can recover interest on an oversecured claim, only creditors who have voluntary secured claims can recover fees and costs.[6] *Pointer,* 952 F.2d at 89.

In the instant case, the Bank relies on ch. 244, § 19 as the source of its claim for legal fees and costs. Since the Bank's claim did not arise by agreement, the Bank cannot recover legal fees and costs as part of its secured claim, pursuant to § 506(b).

### C. Recovery of legal fees and costs as an unsecured claim

█ The parties appear to be operating on the assumption that § 506(b) controls the question of claim allowance for all purposes. Neither party has argued or addressed the issue of whether the Bank may still have an unsecured claim for legal fees and expenses.[7]

Many cases also seem to assume that where there is no agreement for payment of legal fees and costs, § 506(b) disallows an oversecured creditor's claim entirely.[8] *E.g., Vulpetti,* 182 B.R. at 929; *Building Technologies,* 167 B.R. at 859; *LaRoche,* 115 B.R. at 96; *Haber Oil Co., Inc.,* 82 B.R. at 438; *Schwartz,* 77 B.R. at 182; *The Charter Co.,* 63 B.R. at 571; *In re Schlecht,* 36 B.R. 236, 238 (Bankr.D.Alaska 1983).[9]

This Court believes that those cases read § 506(b) too broadly. Section 506(b) is not a provision which concerns itself with claim allowance. Section 506(b) addresses only the question of what is part of an "allowed secured claim." Those courts which have examined § 506(b) in conjunction with § 502 have concluded that § 506(b) does not create additional exceptions to the allowance of claims; rather it only provides for the classification of allowed claims as secured or unsecured. *Joseph F. Sanson Inv. Co. v. 268 Limited (Matter of 268 Limited),* 789 F.2d 674, 678 (9th Cir.1986); *In re Byrd,* 192 B.R.

---

**6.** Several courts have either implicitly or explicitly concluded that § 506(b) refers only to attorney's fees and costs incurred post-petition; and does not apply to pre-petition claims for attorney's fees. *Chemical Bank v. First Trust of New York (In re Southeast Banking Corp.),* 188 B.R. 452, 464 (Bankr.S.D.Fla.1995) (§ 506(b) references allowance of attorney's fees and costs incurred post-petition; not those incurred pre-petition); *see In re Woodmere Investors Ltd. Partnership,* 178 B.R. 346, 354–55 (Bankr. S.D.N.Y.1995); *Sakowitz, Inc. v. Chase Bank Int'l (In re Sakowitz, Inc.),* 110 B.R. 268, 270 (Bankr.S.D.Tex.1989). *Contra In re Hyer,* 171 B.R. 67, 70 (Bankr.W.D.Mo.1994) (§ 506(b) applies to oversecured claims for attorney's fees regardless of whether the fees were incurred before or after the filing of the bankruptcy petition). This Court cannot find any basis for a distinction between pre-petition and post-petition claims for attorney's fees.

**7.** The Court takes judicial notice that the Bank has filed a proof of claim, asserting that its claim is unsecured if disallowed as a secured claim. Although not technically before the Court, judicial economy would dictate that the Court deal with the issue now, reserving to the Trustee any objection which she might wish to assert on other grounds.

**8.** In other cases, it is unclear whether the claim for legal fees and costs was disallowed in whole, or only disallowed as part of the secured claim. For example, in *Pointer* the court stated "in the absence of ... an agreement, fees and costs are not recoverable," but later stated "we.... hold that taxing units are not entitled to post-petition penalties, fees, and costs *as part of their secured claim.*" 952 F.2d at 90 (emphasis added).

**9.** The Supreme Court's often quoted statement from *Ron Pair* that "in the absence of an agreement, post petition interest is the only added recovery available" is often relied on by those courts which disallow claims for legal fees entirely. However, the statement is taken out of context. The Court in *Ron Pair* had before it the narrow issue of whether § 506(b) permits allowance of post-petition interest on a nonconsensual oversecured claim. The decision was in no way addressing pre-petition claims for either interest or legal fees. *See Brentwood,* 43 F.3d at 261; *Building Technologies,* 167 B.R. at 859.

917, 919 (Bankr.E.D.Tenn.1996); *In re Keaton*, 182 B.R. 203, 207 (Bankr.E.D.Tenn. 1995). The legislative history of § 506 appears to support this interpretation. Both the House and Senate Reports provide: "Throughout the bill, references to secured claims are only to the claim determined to be secured under this subsection, and not to the full amount of the creditor's claim." S.Rep. No. 95–989, 95th Cong., 2d Sess. 68 (1978); H.R Rep. No. 95–595, 95th Cong., 1st Sess. 356 (1977).

Therefore, while § 506(b) precludes a claim from assuming secured status, it is still necessary to examine 11 U.S.C. §§ 101(5) and 502(b) to determine whether the Bank's claim for legal fees and costs may be allowable as an unsecured claim. *See Byrd*, 192 B.R. at 919; *Southeast Banking Corp.*, 188 B.R. at 462–64; *Keaton*, 182 B.R. at 207; *Woodmere*, 178 B.R. at 354; *In re California Wholesale Elec. Co.*, 121 B.R. 360, 367 (Bankr.C.D.Cal.1990) (State was not entitled to recover penalties on pre-petition claims as part of secured claim, however penalties could be recovered as a general unsecured claim); *Liberty Nat'l Bank & Trust Co. of Louisville v. George*, 70 B.R. 312, 317 (W.D.Ky.1987).

■■■ Pursuant to § 101(5)(A), a claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." A contingent claim is one marked by uncertainty as to whether any obligation will ever arise. *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 979, 981 (Bankr. S.D.N.Y.1992), *aff'd*, 158 B.R. 30 (S.D.N.Y. 1993). As this circuit has recognized, the term "claim" is broad enough to encompass an unliquidated, contingent right to payment even though the triggering contingency does not occur until after the filing of the petition.

*Woburn Assoc. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 8 (1st Cir.1992).

The Bank has established that, at case commencement, it had a claim, pursuant to ch. 244, § 19, within the meaning of § 101(5)(A). Ch. 244, § 19 is clear on its face. If the mortgagor seeks to redeem the property, the mortgagor must pay the cost of the mortgagee's efforts to foreclose. That obligation is not dependent on any agreement as required by § 506(b). The mortgagee's claim is contingent only on the mortgagor exercising its right to redeem the properties.

A claim, as defined in § 101(5), is deemed allowed unless it is objected to by a party in interest. § 502(a) and (b). Sections 502(b)(1)–(8) set forth categories of claims that may not be allowed. Contingent legal fees and costs are not among those prohibited claims. *Byrd*, 192 B.R. at 919; *Southeast Banking Corp.*, 188 B.R. at 464; *Keaton*, 182 B.R. at 208; *see* § 502(b)(1)–(8). Since the Bank's contingent claim for legal fees and costs is not disallowed by any of the provisions of § 502(b), the Bank has a valid prepetition claim for legal fees and costs. *See Woodmere*, 178 B.R. at 354 (pre-petition fees and costs allowed pursuant to § 502(b)); *California Wholesale*, 121 B.R. at 367 (taxing authority could recover penalties as unsecured claim pursuant to § 502(a)); *Sakowitz*, 110 B.R. at 270 (fee incurred pre-petition should be allowable because of the provisions of § 502(b)); *Liberty Nat'l*, 70 B.R. at 317 (claim for attorney's fees which was enforceable under state law could be claimed under § 502(b)(1)).

■■■ Therefore, this Court holds that where a creditor's claim for legal fees and costs may not be maintained under § 506(b) as an allowed secured claim because the claim arises by operation of law rather than by agreement, the creditor may still enjoy an unsecured claim for such fees and expenses.[10]

---

**10.** Other courts have reached the same conclusion without specifically addressing the application of § 502. *E.g., Brentwood*, 43 F.3d at 263 ("[l]ike consensual lienholders, nonconsensual oversecured lienholders are entitled to ... fees and costs which accrue *pre*-petition...." (emphasis in original)); *Parr Meadows*, 880 F.2d at

1549 (Claim for penalties which arose by operation of law, while not entitled to priority under § 506(b), could be recovered if any money remained in the estate after other higher priority claims were resolved); *Heartland*, 159 B.R. at 208 (taxing authority's claim for post-petition penalties was not part of the secured claim pur-

In the instant case, the Bank has a claim for legal fees and expenses which was contingent on the right of redemption being exercised pursuant to ch. 244, § 19. That right of redemption was exercised and the contingency removed. Although its claim for legal fees is not an allowed secured claim under § 506(b), the Bank may maintain an unsecured claim for legal fees and costs under § 502.

## IV. *Conclusion*

In view of the foregoing, the Bank's Application for Legal Fees and Costs in the amount of $3,859.16 is disallowed as part of its allowed secured claim, but is allowed as a general unsecured claim, subject to such further objections as any party in interest may file for reasons other than as set forth herein.

suant to § 506(b); but claim for penalties which accrued pre-petition was allowed); *see 268 Limited,* 789 F.2d at 678 (oversecured creditor whose claim for attorney's fees was disallowed as a secured claim, may have an unsecured claim to the extent the claim is enforceable under state law), No. 88–2612, 1990 WL 124853 (9th Cir. 1990) (court subsequently held that the creditor's unsecured claim for attorney's fees was disallowed by state law); *McDonald v. Lorenzo Bancshares, Inc. (In re Lorenzo Bancshares, Inc.),* 122 B.R. 270, 273 (Bankr.N.D.Tex.1991) (Pre-petition fees and expenses allowed).