CAROLINA SPRUCE CO. *v.* BLACK MOUNTAIN R. CO.

(*Knoxville.* September Term, 1917.)

1. **MORTGAGES.** Foreclosure sale. Attorney's fees.

Reasonable fees for a mortgagee's or trustee's attorney may be
retained out of the proceeds of a forcelosure sale when pro-
vided for in the mortgage. (*Post, p.* 249.)

2. **PLEDGES.** Foreclosure of collateral. Attorney's fees.

Where a promissory note, secured by certain mortgage bonds as
collateral, provided that after the proceeds of any sale had been
applied to the payment of or a credit upon this note, and after
deducting costs and attorney's fees, should any deficiency re-
main the maker agrees to pay the same, the provision is for the
indemnity of the pledgee against loss, and to enable it to re-
cover the whole debt without being charged with attorney's fees,
and if the pledgee should be put to the necessity of overcoming
legal obstructions in selling the collateral, attorney's fees may
be deducted from the proceeds of the sale. (*Post, p.* 250.)

3. **PLEDGES.** Foreclosure. Distribution of proceeds.

Where mortgage bonds securing a promissory note are ordered to
be foreclosed, and the note provides for attorney's fees, the
decree should fix the basis of distribution of the sale, includ-
such attorney's fees. (*Post, p.* 250.)

FROM WASHINGTON.

Appeal from the Chancery Court of Washington
County.—HAL. H. HAYNES, Chancellor.

HARR & BURROW, for appellant.

COX & TAYLOR, JAS. J. MCLAUGHLIN, J. R.
SIMMONDS and J. BIS RAY, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

On motion. In this cause (disposed of in an opinion, 201 S. W., 154) the solicitors of the cross-complainant Black Mountain Railway Company move the court to fix reasonable fees for their services in this cause. The motion is based upon a provision in respect to attorney's fee in the note in suit. This note was one collateral in form; that is, it stipulated that ten mortgage bonds were attached as collateral security, and for a sale thereof by the holder on the maker-pledgor's default. The note then recited:

"After the proceeds of any sale have been applied to the payment of, or a credit upon, this note, and after deducting costs and attorney fees, should any deficiency remain, the undersigned agrees to pay the same to the holder," etc.

The motion is resisted by the pledgor company on the following grounds:

(a) The only provision for fees is for deduction after the foreclosure sale of the collateral, and no allowance should be made at this stage.

(b) If the debt is paid prior to the making of the sale on the remand then the condition upon which fees are to be paid cannot arise.

The contentions are to be resolved by the application of the principles that govern in cases of mortgages and trust deeds. Reasonable fees for a mortgagee's or trustee's attorney may be retained out of the proceeds of a foreclosure sale when provided for in the mortgage; such a provision being valid.

The provision in the notes is construed to be for the indemnity of the pledgee against loss and to enable it to recover the whole debt without his being onerated with the payment of the fees of counsel. 27 Cyc., 1501, 1782. The fair and reasonable implication is that, if the pledgee should be put to the necessity of overcoming legal obstructions, interposed by the pledgor, in order to bring the collateral bonds to sale, costs and attorney's fees are to be deducted as against the pledgor from the proceeds of the sale when made.

It is proper that the decree awarding foreclosure, in a suit brought to enjoin same, should fix the fee for the reason that the record evidences, in part at least, the amount and character of the services rendered by the attorneys. Such appears to be the practice in mortgage foreclosures. We are of opinion that the cross-bill seeking foreclosure of the pledge lien calls for the fixing of the basis of distribution of the proceeds of the sale, which necessarily involves a consideration of the deduction of the amount of the fees of the solicitors of the pledgee, or holder, if we are correct in our precedent rulings.

No question could be or is made that there was no necessity for the employment of solicitors; and there is no contention that the amount of fees suggested for allowance in the motion is excessive—ten per centum of the recovery. Motion allowed, and a decree will pass in accord.