**In the Matter of Gene F. MOBLEY, Debtor.**

**Bankruptcy No. 82–05117A.**

United States Bankruptcy Court, N.D. Georgia.

Jan. 21, 1985.

John McCullough, Atlanta, Ga., for creditor.

Paul C. Parker, Decatur, Ga., for debtor.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Creditor General Motors Acceptance Corporation filed a proof of claim in this debtor's Chapter 13 case. The proof of claim showed the amount owed by the debtor to be $8,094.90. The Chapter 13 trustee valued the collateral, a 1978 Cadillac, at $6,682.00 and allowed GMAC's claim to be fully secured in the contractual amount of $8,094.90. GMAC filed a motion for relief from the stay due to the debtor's failure to make some payments after approval of the Chapter 13 plan. The creditor, then, sought to amend his proof of claim to add attorney's fees in the amount of $128.00 for the services rendered in filing the motion to lift the stay. The debtor has objected to the creditor's amended proof of claim. The two issues which the parties have briefed are whether GMAC is entitled to recover attorney's fees under 11 U.S.C. § 506(b) and, if so, whether a creditor can so amend its claim after confirmation. Because the creditor in the instant circumstances does not meet the test of a creditor with an oversecured claim under § 506(b), this Court finds that GMAC is not entitled to recover attorney's fees under § 506(b). The Court, therefore, does not reach the second issue.

Section 506(b) allows a creditor with a secured claim "secured by property the value of which ... is greater than the amount of such claim" to collect "reasonable fees, costs or charges provided under the agreement under which such claim arose." In

the instant circumstances the trustee allowed GMAC to be secured in the contractual amount of $8,094.90. At the same time, the trustee valued the collateral at only $6,682.00. Clearly, the property in the instant case is not valued above the amount of the creditor's claim. Consequently, the creditor is not entitled to reasonable fees, costs or other charges.

Creditor GMAC's motion to amend its claim for attorney's fees and costs incurred by it are DENIED.

IT IS SO ORDERED.