**In re LADYCLIFF COLLEGE, Debtor.**

**Bankruptcy No. 81 B 12486 (EJR).**

United States Bankruptcy Court, S.D. New York.

Feb. 4, 1985.

Shaw, Goldman, Licitra, Levine & Weinberg, P.G., Garden City, N.Y., for Ladycliff College.

Walsh & Frisch, Midland Bank, N.A., New York City, for Marine.

## DEBTOR'S MOTION TO EXPUNGE CLAIMS

EDWARD J. RYAN, Bankruptcy Judge.

Ladycliff College (Ladycliff) filed a voluntary petition for reorganization with this court pursuant to Chapter 11 of the Bankruptcy Code on December 22, 1981.

At the time Ladycliff filed for reorganization, it was indebted to Marine for $384,-734.78 in principal and interest. Marine's security for the loan amounted to $321,-983.83 (the $150,000 mortgage and securities, certificates of deposit and savings accounts worth $171,983.81). 11 U.S.C. § 506(a).

The securities, certificates of deposit and savings accounts were sold after the filing of the petition for the sum of $171,973.83 and the proceeds paid to Marine reducing the indebtedness to $212,750.75.

Marine Midland Bank (Marine) filed a proof of claim against Ladycliff on March 30, 1984 asserting:

(a) a secured claim for $161,452.08 (composed of $150,000 in principal and $11,-452.08 in interest accrued thereon to the date of the filing of the petition) plus post-petition interest, on all such amounts being secured by the lien on its mortgage;

(b) an unsecured claim for $51,298.87, representing the difference between Marine's secured claim and the amount due on the loan; and

(c) an unsecured claim for the amount of its expenses and reasonable attorneys' fees to date of payment, as provided in paragraph 7 of the Loan Agreement.

Marine's claim is based on a Mortgage Note and Loan Agreement the two parties executed on November 27, 1979. Under the Loan Agreement, Marine loaned Ladycliff $370,000. The interest on the unpaid principal was to be at a rate of 11½% per annum, payable in installments with payments in full due on November 27, 1994.

By notice of motion and application dated July 6, 1984, Ladycliff moved to expunge that part of Marine's claim praying for post-petition interest, expenses and fees.

Marine admits that the aggregate value of its collateral is less than the amount that was due on the loan at the time the debtor filed for reorganization but asserts that its claim for post-petition interest is nevertheless valid under § 506(a) of the Code. Marine argues that § 506(a) allows the bifurcation of a claim into a secured claim to the

extent of its interest in the mortgaged property, and an unsecured claim for the remaining portion of the indebtedness owed to Marine. Marine further states that the value of the mortgage property was substantially greater than its claim for $150,000.

Section 506(b) provides: "To the extent an allowed secured claim is secured by property the value of which ... is greater than the amount of such claims, there shall be allowed the holder of such claims interest on such claim and any reasonable fees, costs or charges provided under the agreement under which such claim arose."

■ Marine Midland is not an oversecured creditor within the provisions of Section 506(b). The outstanding debt owed to Marine Midland is $384,734.78; it is secured to the extent of $321,983.83. Since Marine is not oversecured, it cannot make a claim for post-petition interest on its loan to Ladycliff. *In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 826 (Bankr.S. D.N.Y.1982), (§ 506(b) only applies to oversecured claims and therefore interest on all other prepetition claims stops accruing as of date of filing petition); *Matter of Willson Dairy Co.*, 30 B.R. 67, 72 (Bankr. D.Ohio 1983); *see also In re Boston & Marine Corp.*, 719 F.2d 493, 495–96 (1st Cir.1983).

Marine's claim for expenses and reasonable attorneys' fees is based on a contractual clause in the Loan Agreement. Paragraph 7 of the Agreement provides that the debtor will reimburse Marine for its expenses, including reasonable attorneys' fees incurred incident to enforcement of the Mortgage Note and Loan Agreement.

Section 506(b) does not preclude an unsecured creditor from making a contractual claim for collection costs. *See United Merchants and Manufacturers v. Equitable Life Assurance Society*, 674 F.2d 134 (2 Cir.1982).

■ The validity of a clause in a loan agreement providing for the recovery of collection costs and attorneys' fees is determined by state law. *Security Mortgage*

*Co. v. Powers*, 278 U.S. 149, 153–54, 49 S.Ct. 84, 85, 73 L.Ed. 236 (1928). The clause in Paragraph 17 of the Loan Agreement is valid under New York State law. *See, Mead v. First Trust & Deposit Co.*, 60 A.D.2d 71, 76, 400 N.Y.S.2d 936 (4th Dept. 1977).

Additionally, Paragraph 26 of the Mortgage reinforces Paragraph 7 by providing that the debtor will pay Marine its reasonable attorneys' fees if any action or proceeding is commenced by Marine to foreclose its mortgage or collect its loan.

Accordingly, the debtor's motion to expunge Marine Midland's claim should be granted to the extent of post-petition interest and denied as to expenses and attorneys' fees.

It is so ordered.