**In re Ken D. KEATON, Tonya J. Keaton, Debtors.**

**Bankruptcy No. 94–13206.**

United States Bankruptcy Court, E.D. Tennessee.

June 1, 1995.

Richard L. Banks, Cleveland, TN, for debtors Ken D. Keaton and Tonya J. Keaton.

Herman O. Loewenstein, Nashville, TN, David E. Nelson, Wagner, Nelson & Weeks, Chattanooga, TN, for Boatmen's Bank.

Arthur C. Grisham, Jr., Grisham, Knight & Hooper, Chattanooga, TN, amicus curiae.

## *MEMORANDUM*

R. THOMAS STINNETT, Bankruptcy Judge.

In this chapter 13 case, Ken D. Keaton and wife, Tonya J. Keaton ("Debtors") have filed an objection to the claim of Boatmen's Bank of Tennessee ("Boatmen's") to the extent that Boatmen's seeks to include in its claim attorney's fees in the amount of $250.00 for representation in the bankruptcy court. For the reasons hereinafter stated, the objection will be overruled and the claim allowed as filed.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

### I.

The Debtors filed their voluntary petition under chapter 13 of the United States Bankruptcy Code (11 U.S.C.) on September 7, 1994. As pertinent here, the chapter 13 plan proposed under paragraph 2(C) that holders of certain allowed secured claims would retain the liens securing such claims and would be paid the value of the security. Paragraph 2(C) of Debtors' plan also proposed that the unsecured balance would be paid as provided in paragraph 2(E).

Boatmen's was listed as a secured creditor under paragraph 2(C). The plan indicates Boatmen's has a security interest in a Nissan pickup having a value of $13,500.00. The plan further provides that Boatmen's will receive $287.00 per month until the value of its collateral is paid in full together with interest at the rate of 10% per annum.

The chapter 13 plan of the Debtors proposed in paragraph 2(E) that the holders of allowed unsecured claims (including the unsecured claim of any undersecured creditor) would be paid 71% of the claim during the plan.

Boatmen's received notice of the meeting of creditors scheduled pursuant to 11 U.S.C. § 341(a). With the notice, Boatmen's was also provided a plan summary indicating how Debtors proposed to treat the Boatmen's indebtedness. The notice also provides:

"... The creditors must file any objection to confirmation in writing at or before the first date and hour set for the meeting of creditors. A claim secured by a non-voidable lien will be allowed as a secured claim only to the extent of the value of the property securing the claim and an unsecured claim as to the balance.... The value of the collateral proposed by the Debtors' plan will become the value of the secured portion of the claim upon confirmation unless a timely objection to confirmation is filed...."

The meeting of creditors was held on October 5, 1994, as scheduled. The attorney for Boatmen's appeared at the meeting of creditors. Although a claim was filed on behalf of Boatmen's on October 5, 1994, indicating its collateral had a value of $18,691.43, no objection to confirmation was filed by Boatmen's.

■ There being no objection to confirmation filed on behalf of any creditor, the Debtors' plan was confirmed by order entered as of October 5, 1994. Thus, the value of the collateral stated in Debtors' plan became binding upon the Debtors and Boatmen's. 11 U.S.C. § 1327(a). *See, e.g., In re Basham,* 167 B.R. 903 (Bankr.W.D.Mo.1994); *Midlantic National Bank v. Kouterick (In re Kouterick),* 161 B.R. 755 (Bankr.D.N.J.1993); *In re Fox,* 142 B.R. 206 (Bankr.S.D.Ohio 1992); 2 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 6.10 at 6–17—6–26 (2nd ed. 1994). As a result, Boatmen's claim is un-

dersecured. The portion of the claim that exceeds $13,500 is a general unsecured claim for purposes of this Chapter 13 case. The attorney's fees, as allowed in the case, will be part of the unsecured claim. *In re Ely*, 28 B.R. 488 (Bankr.E.D.Tenn.1983); *see, Sexton v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911); 3 JAMES W. MOORE, ET AL., COLLIER ON BANKRUPTCY ¶ 57.20 (14th ed. 1978).

Boatmen's claim included an attorney's fees of $250.00 for representation in the bankruptcy court.[1] Debtors promptly filed their objection.

## II.

■ The sole issue before the court is whether an undersecured creditor [2] is entitled to include in its claim attorney's fees anticipated in a chapter 13 case [3], provided the creditor has a non-bankruptcy right to attorney's fees in the event of default [4].

In the event an objection is made to a claim, the court, after notice and a hearing, is required to "... determine the amount of such claim as of the date of the filing of the petition ..." 11 U.S.C. § 502(b). Accordingly, resolution of this issue must begin with the definition of claim in the Bankruptcy Code.

The Bankruptcy Code includes a broad definition of claim:

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured; ...

11 U.S.C. § 101(5)(A).

The definition may include both prepetition and postpetition claims. *Cf.* 11 U.S.C. § 101(10) (definition of creditor); 11 U.S.C. §§ 501 & 502 (allowance of creditors' claims); 11 U.S.C. §§ 726 & 1325 (distributions to and treatment of *allowed* claims). However, the definition is relevant to determine whether Boatmen's had a right to payment at the time the petition was filed even though the right was contingent, unliquidated, or unmatured at that moment.

■ Mistakenly, the debtors refer to the attorney's fees as "postpetition" fees. While the representation may have been performed after the petition was filed, Boatmen's right to collect attorney's fees arose out of the contract and is a prepetition claim. *In re United Merchants & Manufacturers*, 674 F.2d 134, 137 (2d Cir.1982).

Similar conflicts arose between debtors and creditors under the preceding bankruptcy statutes that were known as the Bankruptcy Act. 11 U.S.C. (1978). The issue then was whether a creditor's claim for attorney's fees was provable. The law developed over a long period of time, but the courts finally established the rule that the creditor had a provable claim for attorney's fees if the contingencies were removed postpetition, and the contract language entitled the creditor to the add the attorney's fees under state law. 3A JAMES W. MOORE, ET AL., COLLIER ON BANKRUPTCY ¶ 63.15 (14th ed. 1978); *In re*

---

1. The claim was later amended, without objection, by Boatmen's to supply a page to the contract between the parties that had been omitted at the time the claim was filed. The additional page contains terms and conditions, one of which provides:

   In the event Buyer defaults in the payment of any amount due hereunder, or in the performance of any obligation hereof, Seller or any subsequent holder shall be entitled to collect, if permitted by law, all expenses incurred in collecting or attempting to collect any such amount, or in enforcing or attempting to enforce any of the provisions hereof or incurred in regaining possession of the vehicle, including reasonable attorney's fees if permitted by law, if this contract is referred for collection to an attorney.

2. Essentially the same result would obtain were Boatmen's an unsecured creditor asserting a deficiency claim.

3. Essentially the same result would obtain in cases filed under chapter 7, chapter 11, or chapter 12.

4. Under non-bankruptcy law, attorney's fees are recoverable by Boatmen's in the event of default in accordance with the written contract between Boatmen's and the Debtors. *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163 (6th Cir.1985); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84 (Tenn.App.1988); *Taylor v. Ross*, 736 S.W.2d 614 (Tenn.App.1987).

*United Merchants & Manufacturers, supra; Toys 'R Us v. Esgro, Inc. (In re Esgro, Inc.),* 645 F.2d 794 (9th Cir.1981); *LeLaurin v. Frost National Bank of San Antonio,* 391 F.2d 687 (5th Cir.1968); *Hartman v. Utley,* 335 F.2d 558 (9th Cir.1964). The development of the law and the reasoning of the cases decided under the Bankruptcy Act are instructive in reaching the conclusion that Boatmen's claim for attorney's fees is a *prepetition* claim.[5]

The Bankruptcy Code requires the same result. The Code discontinued the concept that claims must be provable in order to be allowed and adopted a broad definition of claim. The Code also dropped the rule that a contingent claim was not provable and not discharged, if the claim could not be liquidated or reasonably estimated without undue delay. *Compare* 11 U.S.C. §§ 93(d), 103(d) & 35(a) (1978) (Bankruptcy Act §§ 57(d), 67(d) & 17(a)) *and* 11 U.S.C. §§ 101(5), 101(12), 524(a), & 502(c); *Woburn Associates v. Kahn (In re Hemingway Transport, Inc.),* 954 F.2d 1, 8–9 (1st Cir.1994); 3 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 502.03 (15th ed. 1995).

Cases under the Bankruptcy Code have reached the same result with regard to the creditor's claim for attorney's fees. The creditor has a prepetition, contingent, and unliquidated claim for attorney's fees. *Woburn Associates v. Kahn (In re Hemingway Transport, Inc.),* 954 F.2d 1, 8–9 (1st Cir. 1994); *In re Independent American Real Estate, Inc.,* 146 B.R. 546, 555–556 (Bankr. N.D.Tex.1992); *In re New York Trap Rock Corp.,* 137 B.R. 568 (Bankr.S.D.N.Y.1992); *In re Ely,* 28 B.R. 488 (Bankr.E.D.Tenn. 1983); *In re Ladycliff College,* 46 B.R. 141 (Bankr.S.D.N.Y.1985). Further, the Sixth Circuit Court of Appeals reached the same conclusion in *In re Martin, supra:*

> However, creditors are entitled to recover attorney's fees in bankruptcy claims if they have a contractual right to them valid under state law, which appears to be the case here, as the note itself provided that

the Martins would reimburse the Bank for the costs and attorney's fees necessary to collect the note. *Security Mortgage Co. v. Powers,* 278 U.S. 149, 153–54, 49 S.Ct. 84, 85–6, 73 L.Ed. 236 (1928); *In re Bain,* 527 F.2d 681, 685 (6th Cir.1975). The validity of the creditor's claim for attorney's fees does not depend on whether the obligation is secured (unless state law so provides). *In re United Merchants & Manufacturers,* 674 F.2d 134, 137 (2d Cir.1982)....

> The bankruptcy court disallowed costs to the Bank pursuant to its discretionary power to award costs under former Bankruptcy Rule 754(b). However, a contractual right to attorney's fees is part of the debt to the creditor and is not dependent on an award of costs, so Rule 754 had no application here. *See Bain,* 527 F.2d at 685.

761 F.2d at 1168.

The Sixth Circuit's reasoning and its reliance on *United Merchants & Manufacturers* leaves little doubt[6] that the Sixth Circuit would treat Boatmen's claim as a prepetition claim. *Liberty National Bank & Trust Co. v. George,* 70 B.R. 312, 316–317 (W.D.Ky. 1987); *United Merchants & Manufacturers v. Equitable Life Assurance Society (In re United Merchants & Manufacturers),* 674 F.2d 134, 137 (2d Cir.1982); *Barclays/American Business Credit, Inc. v. Adams,* 171 B.R. 298, 305 (Bankr.W.D.Tenn.1992).

The result is actually more beneficial for debtors in bankruptcy. If the attorney's fees are a postpetition debt, they will not be discharged in a Chapter 7 liquidation case. The creditor will have a right to collect them after the debtor receives a discharge. 11 U.S.C. §§ 101(5)(A), 101(12), 524(a) and 727(b) (no "claim", no "debt", no discharge).

Likewise, if the fees are a postpetition debt, a Chapter 13 debtor cannot necessarily discharge them by providing for them in the Chapter 13 plan and completing the plan. If the creditor chooses not to file a proof of

---

**5.** It is worth mentioning that this result was reached under the general statutes, not just under chapter X's definition of claim, which was more like the current definition but applied only in chapter X cases. 11 U.S.C. § 506 (1978).

**6.** See *Bondholder Committee v. Williamson County (In re Brentwood Outpatient, Ltd.),* 43 F.3d 256 (6th Cir.1994).

claim, the postpetition debt will not be discharged, and the creditor can collect after the debtor completes the Chapter 13 plan and receives a discharge. 11 U.S.C. §§ 1305, 1322(b)(6) and 1328(a); *Hester v. Powell (In re Hester)*, 63 B.R. 607 (Bankr.E.D.Tenn. 1986); 3 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 9.17 (2nd ed. 1994).

Boatmen's claim for attorney's fees is in the nature of an indemnity claim. Courts have consistently treated other such indemnity claims as prepetition claims. *Employee Transfer Corp. v. Griggsby (In re White Motor Corp.)*, 831 F.2d 106 (6th Cir.1987); *Waller v. Waller (In re Waller)*, 494 F.2d 447 (6th Cir.1974); *Chiasson v. Oxford Management Inc. (In re Oxford Management Inc.)*, 4 F.3d 1329 (5th Cir.1993); *Employees Retirement System of Hawaii v. Osborne (In re THC Financial Corp.)*, 686 F.2d 799 (9th Cir.1982); *Coldwell Banker & Co. v. Godwin Bevers Co, Inc. (In re Godwin Bevers Co., Inc.)*, 575 F.2d 805 (10th Cir.1978).[7]

Notwithstanding this historical development, some courts have commenced their analysis of this issue with § 506(b) of the Bankruptcy Code rather than the definition of claim. *In re Saunders*, 130 B.R. 208 (Bankr.W.D.Va.1991); *Sakowitz, Inc. v. Chase Bank Intern. (In re Sakowitz, Inc.)*, 110 B.R. 268 (Bankr.S.D.Tex.1989); *cf. In re Mobley*, 47 B.R. 62 (Bankr.N.D.Ga.1985). Quite predictably, these courts have reached a different result.

Understanding this misplaced reliance on § 506(b) requires a return to basic principles. It is the court's responsibility to determine the amount of the claim [as defined in § 101(5)], as of the date of the filing of the petition. 11 U.S.C. § 502(b). A claim that is contingent or unliquidated shall be liquidated or estimated. 11 U.S.C. § 502(c). There are certain claims as defined by § 101(5) that may not be allowed pursuant to § 502(b)(1)–(8), including a claim for unmatured interest. 11 U.S.C. § 502(b)(2). Thus, a claim for unmatured interest is disallowed even though it is within the definition of claim. Contingent, unliquidated attorney's fees are not among those claims that may not be allowed, pursuant to § 502(b)(1)–(8) or any other subsection of § 502(b).

Even though different rules clearly affect the allowance of unmatured interest and contingent, unliquidated attorney's fees, some courts have converged the rules based on § 506(b). Were it not for § 506(b), an "oversecured" creditor would not be permitted to realize the benefit of its bargain. Section 506(b) recognizes the secured creditor's superior position with respect to other creditors. Nothing more was intended and should not be read into the section.[8]

By isolating on § 506(b),[9] the rules on allowance of claims that apply to contingent, unliquidated attorney's fees and to unmatured interest may appear to be singular. As previously indicated, there are historical reasons rooted in public policy why these two very similar "claims" are mentioned together but treated differently. The Code defines claim broadly enough to include both as prepetition claims but the distinction between them involves the reasons for disallowing unmatured interest.

---

**7.** A creditor's expenses for postpetition clean-up of hazardous waste on the debtor's property may be an administrative expense (a postpetition claim). Even though the creditor had a contingent, unliquidated, or unmatured prepetition claim for the costs, they relate to property of the bankruptcy estate and may have been necessary to its preservation. 11 U.S.C. § 503(b)(1); *Lancaster v. Tennessee (In re Wall Tube & Metal Products Co.)*, 831 F.2d 118 (6th Cir.1987).

**8.** Both the House and Senate recognized that subsection (b) merely codified existing law. H.R.Rep. No. 595, 95th Cong. 1st Sess. 356–357 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 68 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6311–6313. *Dewsnup v. Timm (In re Dewsnup)*, 87 B.R. 676, 680–683 (Bankr.D.Utah 1988) *aff'd* 908 F.2d 588 (10th Cir.1990) *aff'd* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Surely, if it were intended to create an exception to § 502(b), the legislative history and § 502(b) would have been more precise.

**9.** 11 U.S.C. § 506(b) provides:

"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

The rule against unmatured interest is partly a rule of convenience: it prevents the constant recalculation of claims during the administration of the bankruptcy case. An even more compelling reason for the rule is the equitable treatment of unsecured creditors. When the bankruptcy estate will not be sufficient to pay all unsecured claims in full, the creditors entitled to interest should not be allowed to increase their claims by adding postpetition interest and thereby reduce the amount available to pay unsecured creditors whose claims are not entitled to interest. The unsecured creditors who are entitled to interest on their claims would profit from the delay necessary to administer the bankruptcy case at the expense of the unsecured creditors who are not entitled to interest on their claims. *American Iron & Steel Mfg. Co. v. Seaboard Airline Ry.*, 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949 (1914); 3 JAMES W. MOORE, ET AL., COLLIER ON BANKRUPTCY ¶ 63.16 (14th ed. 1978). Of course, this reasoning can be applied to an unsecured creditor's contingent, unliquidated claim for attorney's fees. Congress, however, chose not to exclude attorney's fees under § 502(b).

Another distinction is that interest is a charge based solely on the passage of time over which the courts have little control. The same reasoning does not apply to attorney's fees incurred by the creditor to enforce its claim in the bankruptcy case. The creditor may or may not incur attorney's fees, and the court has control over the amount, as explained later.

There is another way in which § 506(b) tends to imply that a contingent, unliquidated claim for attorney's fees is to be treated the same as a claim for unmatured interest. Section 506(b) says that reasonable fees can be included in the "allowed secured claim" to the extent the value of the collateral exceeds the allowed secured claim. If the "claim" in "allowed secured claim" already includes the attorney's fees as a contingent, unliquidated prepetition claim, there is no need to mention them. They will either be secured by the collateral or not, depending on its value. The argument is that, since § 506(b) mentions fees, it must view them the same as unmatured interest.

The question, then, is why § 506(b) mentions fees as something that can be included in the creditor's "allowed secured claim." Without the clause in § 506(b) concerning fees, there would be no specific rule in the bankruptcy statutes allowing the court to limit the fees to a reasonable amount. The creditor could argue that its lien secures whatever state law allows without regard to the federal courts' view of reasonableness. By putting the reasonableness limit in § 506(b), Congress eliminated any question of the court's authority. The law under the Bankruptcy Act had included this rule, but it was developed by the courts. It was not in the statute. A leading commentary on bankruptcy law recommended that the limitation be expressly stated in the statutes if they were ever re-drafted. 3A JAMES W. MOORE, ET AL., COLLIER ON BANKRUPTCY ¶ 63.15 at 1854 (14th ed. 1978). Congress apparently followed that advice.

■ The clause in § 506(b) dealing with fees also addresses another problem. Suppose the secured creditor has a statutory or judicial lien as opposed to a contract right and a statute allows the creditor to charge its attorney's fees against the collateral. 11 U.S.C. § 101(36) (judicial lien), (51) (security interest), & (53) (statutory lien). In the debtor's bankruptcy case, is the creditor entitled to include the attorney's fees in its allowed secured claim? Section 506(b) says that the creditor is not. Attorney's fees can be part of the allowed secured claim only if they are provided for by the agreement on which the creditor's claim is based. This is another rule from the prior law that Congress included in § 506(b). *Bondholders Committee v. Williamson County (In re Brentwood Outpatient, Ltd.)*, 43 F.3d 256 (6th Cir.1994).

Section 506(b) was intended to express limits on the extent to which the creditor's attorney's fees will be treated as secured. It was not intended to define what fees can be included in the creditor's unsecured claim.

The court should also observe that the drafters of the Bankruptcy Code faced a difficult drafting problem. Under the Bankruptcy Act a creditor generally did not have an allowable claim to the extent its claim was

secured by an unavoidable lien. Bankruptcy Act § 57(h); 11 U.S.C. § 93(h) (1978); 9 AM.JUR.2D, BANKRUPTCY § 474 (1963). The drafters obviously wanted to adopt rules that applied to secured debts under the Bankruptcy Act but also treat a secured creditor as having a claim, and at the same time, create a shorthand description for the creditor's rights, namely "allowed secured claim". 3 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 506.05 (15th ed. 1995). The result is that "allowed secured claim" is shorthand for a set of rules regarding claims secured by property in the bankruptcy estate.

The court concludes that § 506(b) does not create the rule asserted by the Debtors. It does not prevent an undersecured creditor from having an allowed prepetition claim for contingent, unliquidated attorney's fees.

The Debtors have stipulated for purposes of this case that the amount of $250 was a reasonable charge.[10] In this case, the court will inquire no further.

■ Of course, the court has the authority to limit the fees to a reasonable amount, and the Debtors have the right to object to the claim for attorney's fees as being unreasonable. Section 506(b) does not provide a statutory basis for this rule, since § 506(b) deals with the amount of a fee that can be included in a secured claim. The right to object and the court's authority to limit the fees to a reasonable amount is inherent in the bankruptcy process.

■ First, the amount of the creditor's contingent, unliquidated claim is not necessarily the same as the amount of the fees actually incurred in the bankruptcy case. To put it another way, the Bankruptcy Code did not give Boatmen's the unlimited authority to liquidate the claim during the case free of any control by the court and free of any opportunity for the Debtors, the bankruptcy trustee, or other creditors to object. The old Collier on Bankruptcy recommended that future bankruptcy statutes specifically limit fees to a reasonable amount. This was done

by § 506(b) with regard to fees that are adequately secured by the creditor's collateral. But the recommendation was made in discussing unsecured claims. The reasons given to support the recommendation are especially relevant to the current law in light of its broad definition of claim.

> In this respect the precedents, allowing the bankruptcy courts to reduce the stipulated fees to a reasonable compensation for the services actually rendered and covered by the stipulation, have retained all their value. In fact, instead of basing this supervisory power on local law only, it would be desirable and under the bankruptcy law defensible to apply it uniformly as an attribute of the broad equity powers of bankruptcy courts to prevent an unjustifiable enrichment of one creditor at the expense of others. Increasing emphasis on this power is a necessary and salutary counterbalance to the recognition of purely contingent claims and the incident reduction of the liquidation dividend.

3A JAMES W. MOORE, ET AL., COLLIER ON BANKRUPTCY ¶ 63.15 at 1854 (14th ed. 1978); *see Merchants Transfer & Storage Co. v. Rafferty (In re Gotham Can Co.)*, 48 F.2d 540, 542 (2nd Cir.1931).

Though state law will usually limit creditors and their attorneys to reasonable fees, the bankruptcy court has an independent power to limit the fees to a reasonable amount. The court will follow the federal rule for determining reasonableness. If the court and interested parties are bound to accept the amount actually incurred postpetition, the creditor can increase its unsecured claim after bankruptcy to the detriment of other unsecured creditors. This cannot be the correct result. 3 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 506.05 at 506–51—506–54 (15th ed. 1995). The attorney's fees cannot be fixed "by the mere ipse dixit of the lender." *Merchants Transfer & Storage Co. v. Rafferty (In re Gotham Can Co.)*, 48 F.2d 540, 542 (2nd Cir.1931).

---

10. The stipulation was made notwithstanding the lack of documentation or other proof to support the reasonableness or necessity of the charge as required by Bankruptcy Rule 3001, prior cases of this court, and nonbankruptcy law. FED.

R.BANKR.P. 3001; *In re Hart*, 80 B.R. 107 (Bankr. E.D.Tenn.1987); *Dole v. Wade*, 510 S.W.2d 909 (Tenn.1974); *United Medical Corp. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133 (Tenn.1986).

In this regard, decisions under § 506(b) and prior case law are relevant.[11] The creditor whose claim is either contingent or unliquidated at the time of bankruptcy takes the risk that the fees actually incurred postpetition may be disallowed in whole or in part as being unreasonable.[12] Thus, the court's decision that Boatmen's has a prepetition claim for the attorney's fees does not grant creditors *carte blanche* to include in their claims all attorney's fees actually incurred postpetition.

Debtors have not conceded Boatmen's right under state law to attorney's fees. The contract imposed two basic conditions on Boatmen's right to add an attorney's fees to the debt. One condition is inherent if not expressly stated. The creditor can add attorney's fees only for work done by an attorney. It cannot add attorney's fees simply as additional debt or damages because the provision for attorney's fees is an indemnity contract. *Carolina Spruce Co. v. Black Mountain R. Co.*, 139 Tenn. 248, 201 S.W. 770 (1917); *LeLaurin v. Frost National Bank*, 391 F.2d 687, 690 (5th Cir.1968).

The fee provision also says, in effect, that the debtor must have defaulted under the contract. The evidence does not show whether Mr. Keaton defaulted prepetition. Since Boatmen's concedes the attorney's work was done postpetition, neither condition occurred prepetition.

■ The court has concluded that Boatmen's claim for the attorney's fees is a prepetition claim, but the claim was contingent and unliquidated when the Debtors filed their Chapter 13 case. Boatmen's hired an attorney who pursued collection in the Debtors' Chapter 13 case. This satisfied one of the contract's basic conditions on the right to add an attorney's fee. The contract also required default as a condition to Boatmen's right to add attorney's fees. The contract did not exactly say that filing bankruptcy would be a default. Nevertheless, the filing of the Chapter 13 petition may have been a default since the contract allowed Boatmen's to accelerate the debt if Mr. Keaton instituted insolvency proceedings. *Allen v. Simmons Machinery Co.*, 666 S.W.2d 44, 38 UCC Rep.Serv. 345 (Tenn.1984); *Jenkins v. Malone*, 695 S.W.2d 186 (Tenn.1985); *Gunther v. White*, 489 S.W.2d 529 (Tenn.1973). Treating the Chapter 13 filing as a default does not raise any "ipso facto" problem with regard to the issue now before the court. 11 U.S.C. § 365(e). It was the Debtors who proposed a Chapter 13 plan to replace the contract's terms. 11 U.S.C. § 1325(a)(5)(B). Furthermore, the law does not require the default to occur prepetition. *Worthen Bank & Trust Co. v. Morris (In re Morris)*, 602 F.2d 826 (8th Cir.1979); *Woburn Associates v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 8–9 (1st Cir.1994); *Coldwell Banker & Co. v. Godwin Bevers Co, Inc. (In re Godwin Bevers Co., Inc.)*, 575 F.2d 805 (10th Cir.1978); *Security Mortgage Co. v. Powers (In re Florida Furniture Co.)*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928). Thus, it makes no difference that the default was the filing of the Chapter 13 case or the result of the Chapter 13 case; Boatmen's can rely upon it as a default entitling Boatmen's to incur the attorney's fees.

### III.

In summary, (1) Boatmen's had a contingent, unliquidated claim for attorney's fees when the Debtors filed their Chapter 13 case; (2) the contingencies occurred after the Debtors filed their Chapter 13 case so that the claim became noncontingent; but (3) the claim remained unliquidated as to the amount. The Debtors stipulated the amount. Accordingly, the claim is allowed as filed.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An appropriate order shall be entered.

---

11. The question of reasonableness will include the question of the extent to which the attorney's services were necessary. 3 Lawrence P. King, et al., Collier on Bankruptcy ¶ 506.05 at 506–51—506–54 (15th ed. 1995).

12. Of course, the entire amount of the fees incurred postpetition will be a prepetition claim, and any amount that is disallowed will be dischargeable as a disallowed prepetition debt. 11 U.S.C. §§ 524(a), 727(b) and 1328(a).