**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: HENRY DEAN VAUGHAN;
JESSIE ELAINE VAUGHAN,

Debtors.

---

BANK OF CUSHING,

Appellant,

v.

HENRY DEAN VAUGHAN;
JESSIE ELAINE VAUGHAN,

Appellees.

No. 04-6249
(BAP No. WO-03-094)
(BAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Debtors-appellees the Vaughans owed money to the appellant Bank of Cushing (the Bank) pursuant to certain guarantee agreements the Vaughans had signed (Personal Guarantees). The Vaughans entered into a settlement agreement with the Bank that allowed the Vaughans to repay their debt over time and secured the debt with interests in various pieces of real and personal property (Settlement Agreement). In the Settlement Agreement the Bank also released its rights against the Vaughans under the Personal Guarantees. The Vaughans subsequently filed for bankruptcy. The Bank filed an adversary proceeding seeking to have the Vaughans' debt to it excepted from discharge or to have discharge generally denied, contending that the Vaughans had made materially false representations to induce the Bank to enter into the Settlement Agreement and release the Personal Guarantees. The bankruptcy court found that the Bank "reasonably and justifiably relied on the materially false oral and written representations made by [the Vaughans] regarding their assets and liabilities in agreeing to the Settlement Agreement." Aplt. App., Vol. I at 149. The court granted the Bank summary judgment, holding that the Vaughans could not discharge the debt they owed the Bank under the Personal Guarantees and that it could recover the principal amount of $364,024.75. The bankruptcy court also found that "because the [Personal Guarantees] provide for the recovery of [the Bank's] attorney's fees and costs, [the Bank] is entitled to recover its reasonable

attorney's fees and costs as the prevailing party in [its adversary proceeding]," the amount to be determined upon later motion. *Id.*

The parties later entered into a stipulation that the amount of costs and attorneys' fees owed by the Vaughans pursuant to the Personal Guarantees was $440,000 along with post-judgment interest. On July 9, 2002, the bankruptcy court entered judgment for the Bank accepting the amounts agreed upon in the stipulation. The Bank then recorded a Statement of Judgment in regard to the fees and costs award with the Clerk of Payne County, Oklahoma, resulting in a lien on the Vaughans' homestead property.

The Vaughans filed a Motion to Avoid Judgment Lien seeking to avoid the Bank's lien as a judicial lien under 11 U.S.C. § 522(f)(1), which reads in pertinent part:

> Notwithstanding any waiver of exemptions . . . , the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien . . . [.]

The Vaughans had listed their homestead as exempt property in their schedules, valuing their interest in that property at $140,000, and showing a purchase money mortgage encumbering the property in the amount of $103,497.75. Following a hearing, the bankruptcy court held that the Vaughans were entitled to avoid the Bank's lien and that any proceeds from a sale of the property would also be

exempt if reinvested in another homestead within six months from the sale date. The Bank appealed this decision to the Bankruptcy Appellate Panel (BAP), which affirmed the bankruptcy court's order. *Bank of Cushing v. Vaughan (In re Vaughan)*, 311 B.R. 573 (10th Cir. BAP 2004). The Bank has now appealed to this court.

The Bank raises six points of bankruptcy court error. The Bank first argues that its lien was a consensual lien and not a "judicial lien" that could be avoided under 11 U.S.C § 522(f)(1)(A). The Bank's second point argues that its lien was not avoidable because it did not affix to the exempt property prior to the date the Vaughans' bankruptcy petition was filed. The Bank's third point argues that the lien was not avoidable because the $440,000 debt underlying the lien–a debt for attorneys' fees and costs due under the pre-petition Personal Guarantees–was necessarily a post-petition debt because the Bank had released its rights under the Personal Guarantees at the time the bankruptcy petition was filed. The Bank argues that its claim to the attorneys' fees and costs could not therefore have come into existence until the bankruptcy court's post-petition resurrection of the Personal Guarantees and grant of summary judgment. The Bank's fourth point, which is a corollary to its third point, argues that the two main legal decisions relied upon by the bankruptcy court in determining that the $440,000 debt was a pre-petition debt were distinguishable because the bank involved in those cases had *not* released its rights under the pre-petition agreement providing for the

recovery of attorneys fees. In its fifth point, the Bank argues that the fixing of a lien to an Oklahoma homestead does not "impair" the homestead exemption under § 522(f)(1). Its sixth and final point argues that, because the Vaughans entered into a stipulation regarding the amount of attorney's fees owed, they either waived their right to seek lien avoidance or are equitably estopped from doing so. Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm.

"On appeal from BAP decisions, we independently review the bankruptcy court's decision." *Houlihan Lokey Howard & Zukin Capital v. Unsecured Creditors' Liquidating Trust (In re Commercial Fin. Servs., Inc.)*, 427 F.3d 804, 810 (10th Cir. 2005) (quotation omitted).

> We review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard. A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made.

*Id*. (quotation omitted).

We have carefully reviewed the Bank's appendix, as well as the briefs submitted by the parties. With the above standards in mind, we deny the Bank's first, second, fifth, and sixth points on appeal for substantially the reasons set forth in the BAP's July 7, 2004, opinion.

We decline to review the Bank's third and fourth points on the ground that its argument therein was not properly raised below. Under 11 U.S.C. § 522(c), "[u]nless the case is dismissed, property exempted under this section is not liable

-5-

during or after the case for any debt of the debtor that arose . . . before the commencement of the case." In determining that the attorneys' fees and costs at issue were a debt that arose pre-petition, the bankruptcy court relied mainly on the reasoning in two cases: *In re Keaton* (*Keaton I*), 182 B.R. 203 (Bankr. E.D. Tenn. 1995), and the case that affirmed *Keaton I*, *Keaton v. Boatmen's Bank of Tennessee (In re Keaton)*, 212 B.R. 587 (E.D. Tenn. 1997) (*Keaton II*).[1] The bankruptcy court read *Keaton I* as holding that "attorney fees incurred post-petition but arising from a pre-petition obligation are treated as a pre-petition obligation." Aplt. App., Vol. I at 243. In *Keaton II* the district court affirmed the ruling in *Keaton I*, agreeing with the bankruptcy court that "'while the representation may have been performed after the petition was filed, [the creditor's] right to collect attorney's fees arose out of the [pre-petition] contract and [was] a prepetition claim.'" *Keaton II*, 212 B.R. at 591 (quoting *Keaton I*, 182 B.R. at 205). The bankruptcy court in the present case "believe[d] the reasoning of the *Keaton II* court [to be] sound and adopt[ed] its analysis and conclusion." Aplt. App., Vol. I at 245. The BAP affirmed the bankruptcy court's determination, ruling that because the Personal Guarantees and the Settlement Agreement both provided that a defaulting party would be responsible for the

---

[1]    As recognized by the bankruptcy court in the case at hand, the *Keaton* cases were subsequently vacated by the Sixth Circuit Court of Appeals on other grounds. *See Keaton v. Boatmen's Bank of Tennessee (In re Keaton)*, No. 97-6244, 1998 WL 228123, at *1 (6th Cir. April 30, 1998) (unpublished).

-6-

costs of collection, including attorneys' fees, the Bank had a contingent or unmatured claim to attorneys' fees at the time the petition was filed.

The Bank's third point on appeal argues that "the petition date is the relevant date for determinations pursuant to §522" and that "[a]s of the petition date . . . [the Bank] did not hold a claim against the Vaughans pursuant to its former **Personal Guarantees**" because "[t]hat claim had been specifically released pursuant to the Settlement Agreement." Aplt. Opening Br. at 16. In its fourth point the Bank argues that the bankruptcy court therefore erred in applying the logic of the *Keaton* cases to the case at hand because the factual situation in those cases was distinguishable. In the *Keaton* cases, as in this case, a creditor bank had entered into a pre-petition loan agreement with its debtor that provided that the debtor would pay any attorneys' fees incurred by the bank in attempting to collect on the debt following a default. After the debtor filed for bankruptcy protection, the bank sought to advance a bankruptcy claim that included $250.00 for attorneys' fees incurred during representation in the bankruptcy court. The bankruptcy court and district court in those cases held that the attorneys' fees constituted a pre-petition debt. In the instant case the Bank argues that by applying the reasoning of the *Keaton* cases to this case, the bankruptcy court "confused apples and oranges." *Id*. at 22 (internal quotation marks omitted). The Bank's argument is that, although "the creditor [in the *Keaton* cases] had a right to attorney's fees in question ***upon the Petition date***, due to the default of

-7-

debtors," *id.*, the Bank had no such right here because of the release contained in the Settlement Agreement. Therefore the *Keaton* cases are inapplicable.

There is nothing in the bankruptcy court's and BAP's decisions that shows that this argument was raised below. Those decisions wrestled with a determination of how to classify a debt for attorney's fees and costs earned post-petition but due under an existing pre-petition agreement between the parties. There is nothing to show that they were asked to consider the effect of a fraudulently induced pre-petition release of a pre-petition agreement, and the subsequent post-petition reinstatement of the rights under that agreement by the bankruptcy court. The Bank's appendix does not contain its briefs to either the bankruptcy court or to the BAP despite the obligation it had to prepare and file an appendix containing relevant portions of the record sufficient for us to consider and decide the issues raised on appeal. Fed. R. App. P. 30(a)(1); 10th Cir. R. 30.1(A)(1), 10.3(A), (C), (D)(2). Further the Bank's briefs do not "cite the precise reference in the record where [each] issue was raised and ruled on" in contravention of 10th Cir. R. 28.2(C)(2). Issues not raised and ruled on below will generally not be considered on appeal. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).[2]

_____

[2] We note that the Bank's reply brief may be read to raise the same alternative argument on this topic that was raised to and rejected by the courts below: i.e., that even if its rights to attorneys' fees and costs under the Personal Guarantees had *not* been released pre-petition, the debt from those fees and costs

(continued...)

-8-

We therefore AFFIRM the judgment of the BAP.  We also DENY the

Bank's Motion to Supplement Record.

                                    Entered for the Court


                                    David M. Ebel
                                    Circuit Judge

---

[2](...continued)
would be a post-petition debt because the fees and costs, although *due* pursuant to
a pre-petition agreement, were *incurred* post-petition.  We will not address this
argument.  *See Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1142
(10th Cir. 2004) (refusing to consider an argument raised for the first time in a
reply brief).